FILED

U.S. DISTRICT COURT
N.D. OF ALA.

ENTERED

JUL 11 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SATELLITE MOBILE SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| PANA-PACIFIC CORPORATION, et al., | ) ) ) ) | 98-C-2880-NE |
| Defendants. | ) | |

### MEMORANDUM OPINION DENYING SUMMARY JUDGMENT

The Court has carefully reviewed the papers supporting and opposing Plaintiff's motion for summary judgment. Based on that review, the Court concludes that the underlying contract is ambiguous, and that disputed facts preclude summary judgment.

On its face, the contract is a non-exclusive "National Distribution Agreement To O[riginal] E[quipment] M[anufacturers]'s," ("OEM") under which the Defendant Pana-Pacific Corporation ("Pana") is obligated to process orders from OEM's and their dealers for Plaintiff Satellite Mobile Systems, Inc.'s ("SMS") product, the Polekat DBS Satellite System, within the United States and Canada. Schedule 1 of the National Distribution Agreement ("NDA") embodies the product description, suggested retail price, the price per unit, the discount, and "Minimum volume purchases."

But the unavoidable question arises: is the distributor Defendant required to make these purchases itself, or is its basic undertaking limited to "promoting, demonstrating, marketing, selling, distributing, training, installing, and supporting the Products in a manner which will enhance [SMS]'s good will and its reputation for quality, fair dealing and excellence?" NDA, Schedule 3, ¶ 2.1.

The parties vigorously dispute what the answer to this question should be. That scenario is entirely predictable, given the inherent ambiguity of the contract.

Because of disputed facts concerning the intention of the parties, SMS's motion for summary judgment will be denied.

DONE this 11th day of July, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON